Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, September 18, 2006 2:15:59 PM

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT WILLIAM BROWN, JR. ) | Case No 1:05-bk-04470 |
| and MARIANNE REGINA BROWN, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ROBERT WILLIAM BROWN, JR. ) | |
| and MARIANNE REGINA BROWN, ) | Adv. Proc. No. 1:06-bk-00024 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FAIRMONT STATE UNIVERSITY, ) | |
| DIRECT LOANS, ) | |
| U.S. DEPARTMENT OF EDUCATION, | |
| U.S. DEPARTMENT OF | |
| EDUCATION/FISL | |
| | |
| Defendants. | |

## MEMORANDUM OPINION

This matter came before the court on the motion filed by Robert William Brown, Jr. and Marianne Regina Brown (the "Debtors") to set aside the court's April 27, 2006 order denying their motion for default judgment against U.S. Department of Education, Direct Loans and U.S. Department of Education/FISL (the "Department") for lack of proper service. For the reasons set forth herein, the court will deny the Debtors' motion to set aside the court's order.

1

The Debtors commenced an adversary proceeding against the Department on January 17, 2006, seeking to discharge government-guaranteed student loans.  On January 20, 2006, the Clerk of Court issued summonses for all of the named defendants, which in addition to the Department included Fairmont State University.  Service of the summonses was executed on the named defendants on January 26, 2006, except for the U.S. Department of Education, which was served on January 30, 2006.  The Department, however, never filed an answer, and the Debtors filed a motion for default judgment on April 6, 2006.  The court denied the Debtors' motion for default judgment as to the Department on the basis that the Debtors failed to serve it properly pursuant to Bankruptcy Rule 7004(b)(5).

The Debtors argue that the court should set aside its denial of entry of default judgment against the Department, and concurrently grant their motion for default judgment because on May 19, 2006, the Debtors filed a motion to set aside the court's April 27, 2006 order denying the motion for default judgment, with new certificates of service attached demonstrating service on the U.S. Attorney for the Northern District of West Virginia and the Attorney General on May 17, 2006.

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this case by Bankruptcy Rule 9024, allows a judgment to be set aside for, among other reasons, mistake, inadvertence, or excusable neglect.  To prevail on a Rule 60(b) motion, the Fourth Circuit requires a preliminary showing by the movant of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.  *Dowell v. State Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).  After a party has met this preliminary burden, the party must prove its entitlement to relief under Rule 60(b).  *Id*.

The Debtors do not offer any arguments in support of the *Dowell* factors.  Furthermore, the court finds that there is no basis to set aside its order.  Bankruptcy Rule 7004(b)(5) provides that service may be made upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States attorney for the district in which the action is brought, and by mailing a copy of the summons and complaint to the Attorney General of the United States in Washington, District of Columbia.  The Debtors did not serve the summons on the Attorney General or

2

the U.S. Attorney for the Northern District of West Virginia; consequently, the court's denial of the Debtors' motion for default judgment was proper.

For the reasons stated herein, the court will deny the Debtors' motion to set aside its April 27, 2006 order denying the motion for default judgment.[1]

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021

---

[1] The April 27, 2006 order only pertains to the Department. The court has entered default judgment against Fairmont State University.